THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| MARISA RAMIREZ, | § | |
|    Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | |
| | § | |
| CHESMAR HOMES, LTD., | § | |
|    Defendant. | § | JURY DEMANDED |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Plaintiff Marisa Ramirez, (Hereafter "Ms. Ramirez") in the above numbered and entitled case, complains of Chesmar Homes, LTD. (Hereafter "Chesmar") Defendants in the above numbered and entitled case, and for cause(s) of action would respectfully show unto the Court and jury as follows:

### I. PARTIES

1. Plaintiff, Marisa Ramirez, is a Hispanic female and a citizen of the United States. Plaintiff is a resident of the County of Harris, State of Texas and was a resident of Brazoria County, Texas during the time period of employment with Defendant.

2. Defendant, Chesmar Homes, LTD., was an employer in Houston, Harris County, Texas at the time the alleged acts of discrimination occurred. At all times relevant hereto, Defendant engaged in an industry affecting commerce. Chesmar Homes, LTD. can be served through its registered agent for service of process, Donald P. Klein, 450 Gears Road, Suite 400,

1

Houston, TX 77067.

## II. JURISDICTION

3. The jurisdiction of the Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, Section 701 *et. seq.*, as amended, 42 U.S.C.A. 2000e, *et. seq.*, 42 U.S.C. Sec. 2000e-5(f)(3). This action also arises under 42 U.S.C. 1981 *et. seq.*, and 42 U.S.C. 1981(b). The jurisdiction of this Court is invoked to secure the protection of those individuals due to their gender (Female), race (Hispanic) and from retaliation for opposing such unlawful practices.

## III. VENUE

4. Venue is appropriate in this District pursuant to 28 U.S.C. §1391 in that the Defendants reside in this Judicial District and/or a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District. Furthermore, the Defendants maintain sufficient business contacts in one or more counties comprising this Judicial District and the Houston Division.

## IV. FACTS

5. Ms. Ramirez began her employment with Chesmar on or about June 2007 as a New Home Consultant ("NHC"). Ms. Ramirez's job responsibilities included marketing and selling Chesmar homes.

6. Ms. Ramirez's employment was replete with accolades including but not limited to being rated as one of Chesmar's best new homes consultants by Chesmar's customers.

7. In 2008, Ms. Ramirez received an above average score of 3.92 out of 5.0 on her performance evaluation partially based on Ramirez's outstanding sales performance. Ms. Ramirez did not receive another performance evaluation after the first and only one she received.

8. During the course of her employment with Chesmar, Ms. Ramirez was continually subjected to repeated incidents of different terms, conditions and privileges of employment including but not limited to not being allowed training or assignments to more lucrative locations than her non-Hispanic male colleagues that resulted in lower compensation to Ms. Ramirez.

9. During the course of Ms. Ramirez's employment with Chesmar the Area Manager, Mr. Larry Coomer, treated Ms. Ramirez differently because she was a Hispanic female. Mr. Coomer never took any of Ms. Ramirez's questions seriously. Mr. Croomer was very abusive, hostile and antagonistic towards Ms. Ramirez. Mr. Croomer ignored and lied to Ms. Ramirez when she asked him questions concerning homebuyers whose homes were being built. Mr. Croomer coerced Ms. Ramirez's construction manager, Chad Jones, to not help or assist Ms. Ramirez in any way. Mr. Croomer held several meetings without giving Ms. Ramirez notice of these meetings. Mr. Croomer spoke about Mexicans in a very offensive and derogatory manner. Mr. Croomer, other members of management and employees of Chesmar subjected Ms. Ramirez to a hostile work environment.

10. During the course of her employment with Chesmar, Ms. Ramirez on numerous occasions told Mr. Don Klein (Owner/President) that she was being victimized, treated unfairly and constantly advised Mr. Klein of the disparate treatment she was being subject to. Mr. Klein initially promised to address the issues but ultimately did nothing to help.

11. Although Ms. Ramirez continually asked for help regarding the discriminatory treatment she was receiving, members of a management blew her off while insisting that she was needy and high maintenance.

12. Throughout the course of her employment with Chesmar, Ms. Ramirez was constantly victimized and blamed for other employees mistakes.

13. Throughout the course of her employment with Chesmar, Ms. Ramirez was the subject of discriminatory remarks regarding her race.

14. On or about May 10, 2010, Ms. Ramirez received her first and only disciplinary action from Chesmar. Ms. Ramirez was written up for allegedly not getting along with construction and because three employees allegedly complained about the way Ms. Ramirez dressed to work. The disciplinary write up stated that she would be on disciplinary probation for sixty days with an opportunity for a fresh start after the completion of the sixty (60) day period. This write up was discriminatory and in retaliation for Ms. Ramirez's prior complaints of discrimination.

15. On or about May 11, 2010, Ms. Ramirez complained in writing to Chesmar specifically stating, "I feel discriminated by Larry because he would speak to me condescendingly. I feel this is racial and gender discrimination towards me for either being a female, have a college degree, or because of my race."

16. On or about May 14, 2010, Ms. Ramirez filed a letter with the Houston EEOC office stating, "I have been employed by Chesmar Homes since June of 2007 and have a long track record of success. Since beginning work there, I have continually been exposed to discriminatory remarks about my race… I feel like I can no longer take the harassment and hostile work environment that I am subjected to every day and I am turning your organization for help."

17. On or about June 1, 2010, Ms. Ramirez's sales manager Scott Merovitch and Chesmar's controller, Terry Shakariesaz, came into Ms. Ramirez's office unannounced and

advised her that she could resign or be discharged because "it just wasn't going to work out." Ms. Ramirez was advised that if she agreed to characterize her separation from employment as a resignation, rather than a termination, Chesmar would pay her a commission on pending home sales. Ms. Ramirez was terminated approximately three weeks after she complained of gender and racial discrimination.

18. On or about November 1, 2010, Ms. Ramirez filed her EEOC Charge of Discrimination.

19. On or about February 2013, the EEOC issued its "Determination" letter regarding Ms. Ramirez's Charge of Discrimination stating, "The Commission's investigation revealed sufficient evidence to establish that Charging Party was discharged based on her making a complaint to management about her belief that she was being discriminated against."

20. On or about September 6, 2013, the EEOC issued a Notice of Right to Sue regarding Ms. Ramirez's Charge of Discrimination.

21. Ms. Ramirez was qualified for the position of New Home Consultant. At all relevant times, Ms. Herrera continued to be qualified to fulfill the requirements of said position.

22. Ms. Ramirez was harassed to the point that she was subjected to a hostile work environment and discharged because of her gender (Female), race (Hispanic) and in retaliation for reporting the discriminatory treatment to Chesmar.

23. On information and belief, Ms. Ramirez asserts that Chesmar acted with malice and in reckless disregard of Ms. Ramirez's rights and welfare.

## V. CAUSE OF ACTION

24. Ms. Ramirez incorporates the preceding and proceeding paragraphs into this paragraph by reference. The above described facts constitute retaliation and discrimination based

on race and sex in violation of Title VII of the Civil Rights Act of 1964, Section 701 *et. seq.*, as amended, 42 U.S.C.A. 2000e, *et. seq.*, 42 U.S.C. Sec. 2000e-5(f)(3), 42 U.S.C. 1981 *et. seq.*, and 42 U.S.C. 1981(b). Chesmar's reasons for terminating Ms. Ramirez were pretext for its true reason for terminating Ms. Ramirez intentionally because of her sex and race as well as being in retaliation for Ms. Ramirez's opposition to such unlawful conduct.

25. Ms. Ramirez incorporates the preceding and proceeding paragraphs into this paragraph by reference. Ms. Ramirez was subjected to a hostile work environment based on sex and race in violation of Title VII of the Civil Rights Act of 1964, Section 701 *et. seq.*, as amended, 42 U.S.C.A. 2000e, *et. seq.*, 42 U.S.C. Sec. 2000e-5(f)(3), 42 U.S.C. 1981 *et. seq.*, and 42 U.S.C. 1981(b).

26. Ms. Ramirez incorporates the preceding and proceeding paragraphs into this paragraph by reference. Chesmar's conduct in harassing and discharging Ms. Ramirez violates Title VII of the Civil Rights Act of 1964, Section 701 *et. seq.*, as amended, 42 U.S.C.A. 2000e, *et. seq.*, 42 U.S.C. Sec. 2000e-5(f)(3), 42 U.S.C. 1981 *et. seq.*, and 42 U.S.C. 1981(b).. Ms. Ramirez is suffering and will continue to suffer irreparable injury as a result of the acts of Chesmar.

## VI. DAMAGES

27. Ms. Ramirez seeks damages, which are un-liquidated, for Ms. Ramirez's claims of discrimination and retaliation that are within the jurisdictional limits of this Court.

28. Ms. Ramirez incorporates the preceding and proceeding paragraphs into this paragraph by reference. The conduct described above proximately caused actual and compensatory damage to Ms. Ramirez, including but not limited to lost wages, benefits,

humiliation and emotional distress, physical pain and suffering, medical services and medications in the past and in the future, damage to her personal reputation, damage to her professional reputation, damage to her earning capacity, and damage to her enjoyment of life.

29. Ms. Ramirez is entitled to recover reasonable attorney fees pursuant to EAJA 28 U.S.C. § 2412(b), Title VII of the Civil Rights Act of 1964, Section 701 *et. seq.*, as amended, 42 U.S.C.A. 2000e, *et. seq.*, 42 U.S.C. Sec. 2000e-5(f)(3) and 42 U.S.C. 1981 *et. seq.*

## PRAYER FOR RELIEF

30. WHEREFORE, Ms. Ramirez requests that this Honorable Court advance this case on the docket, order a jury trial at the earliest practical date, and grant Ms. Ramirez the following relief pursuant to all state law, federal law and statutes cited in the preceding and proceeding paragraphs, including, but not limited to the following:

(a) Grant Ms. Ramirez a permanent injunction enjoining Defendants, their agents, successors, employees, and those acting in consort with Defendants, from continuing to violate Ms. Ramirez's rights;

(b) Issue an order requiring Defendants to reinstate Ms. Ramirez to her former job position and/or at a higher position to which she is entitled by virtue of her responsibilities and qualifications or award front pay if such reinstatement is not feasible;

(c) Issue an order awarding Ms. Ramirez back pay, fringe benefits, and any other appropriate relief necessary to make Ms. Ramirez whole and compensate her for the civil rights violations described above;

(d) Award Ms. Ramirez compensatory/mental anguish damages;

(e) Award Ms. Ramirez exemplary damages;

(f) Award Ms. Ramirez prejudgment and post-judgment interest as allowed by law;

(g) Award Ms. Ramirez attorney fees and costs of this suit;

(h) Award Ms. Ramirez such other legal and equitable relief as this Court deems just and proper;

(i) Award Ms. Ramirez damages requested in part VI of this Complaint;

(j) Award Ms. Ramirez all other relief, in law and equity, to which Ms. Ramirez may be entitled.

Respectfully submitted,

____/S/ *Ashok Bail*_____
ASHOK BAIL
ATTORNEY-IN-CHARGE
STATE BAR #24043541

3120 Southwest Freeway, Suite 450
Houston, TX 7798
(713)-255-1088 (Tel)
(832)-263-0616 (Fax)
ashok_bail@yahoo.com